UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| **LARRY SANCHEZ AND CAROLYN SANCHEZ** | **CIVIL ACTION** |
| **VERSUS** | **NO.: 14-196-SDD-RLB** |
| **CHEMTURA USA CORPORATION AND CHEMTURA CORPORATION** | |

# ORDER

Before the Court is a Motion to Quash Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises, and Interrogatories filed by Chemtura Corporation ("Chemtura") on June 9, 2015. (R. Doc. 23). Any opposition to this motion was required to be filed within 21 days after service of the Motion. LR 7(f). Plaintiffs have not filed an opposition as of the date of this Order. The motion is therefore unopposed.

On March 9, 2015, the district judge entered an order staying "all proceedings in this matter, including without limitation the deadlines set forth in the October 30, 2014 Scheduling Order." (R. Doc. 22). Despite the stay, Plaintiffs served a subpoena on Chemtura on May 28, 2015, seeking responses to interrogatories and the production of documents by June 18, 2015. (R. Doc. 23-2). Chemtura seeks an order quashing the subpoena on the basis that it violates the court's stay and it was not issued in accordance with Rule 45(a)(3) of the Federal Rules of Civil Procedure. (R. Doc. 23 at 3). Chemtura further seeks the recovery of attorneys' fees and costs pursuant to Rule 45(d)(1). (R. Doc. 23-1 at 5).

The court agrees that the Rule 45 subpoena must be quashed. The stay issued by the district judge precludes the parties from propounding discovery requests on one another.

Furthermore, the subpoena served by Plaintiffs was not issued by the clerk of court or signed by an attorney authorized to practice law, and therefore violates Rule 45(a)(3).

The court is mindful, however, that Plaintiffs are proceeding in this matter *pro se* and may not have fully comprehended the nature of the stay issued by the district judge, which effectively halted all proceedings in this action, or the proper manner in which to serve discovery on a party.[1] Chimera has not convinced the court that the subpoena subjected it to any undue burden or expenses. Accordingly, the court finds no grounds for granting sanctions pursuant to Rule 45(d)(1), or otherwise awarding attorney's fees and costs.

**IT IS ORDERED** that Chimera's Motion to Quash (R. Doc. 23) is **GRANTED in part and DENIED in part**. The subpoena is quashed. The parties shall bear their own costs. Plaintiffs are warned that the issuance or service of any additional discovery on Chimera while this action is stayed may subject Plaintiffs to sanctions.

Signed in Baton Rouge, Louisiana, on July 7, 2015.

                                            **RICHARD L. BOURGEOIS, JR.**
                                            **UNITED STATES MAGISTRATE JUDGE**

---

[1] Should discovery reopen in this matter, Plaintiffs should seek responses to interrogatories, and the production of documents, from Defendants through Rules 33 and 34 of the Federal Rules of Civil Procedure.